*Curia.* We had no doubt, at the last term, about allowing this set off, had it not been for the then subsisting imprisonment of *Bigalow & Searls* upon the *ca. sa.*(a) By their discharge under the insolvent act, that obstacle is removed. Their discharge left two mutual unsatisfied judgments, which were the proper subject of an equitable set off, upon application to this Court, unless the subsequent assignment and notice give preference to the lien of the attorney. The right of set off had attached; and the attorney had full notice that it was claimed, at the time he took the assignment from *Bigalow.* These circumstances do not, in our opinion, alter the question, and the motion must be granted.

UTICA,<br>August 1823.

GERMAIN<br>v.<br>DAKIN.

Rule accordingly.

(a) Mr. *Foot*, who opposed the set off in that case, mentioned the *lien* of the attorney, as one ground of opposition to the motion, which I forbore to notice in the report of the case, because the matter turned on the imprisonment.

---

GERMAIN <em>against</em> DAKIN.

ASSUMPSIT. Plea, the general issue, and a *discharge*, under the act of 7*th April*, 1819, " to abolish imprisonment for debt in certain cases." (Vid. *sess.* 42, *ch.* 101.) The plaintiff took an issue on the second plea, and tried the cause at the *Columbia* Circuit, (*June*, 1823) when a verdict was found for the plaintiff on the *first*, and for the *defendant* on the *second* plea.

*N. P. Tallmadge*, moved, that judgment be entered for the defendant, for the costs of the second plea, and trying the issue thereon.

*Bushnell*, contra.

*Curia.* We grant the rule.

Motion granted.

In assumpsit, and plea of the general issue, with a discharge under the act *to abolish imprisonment for debt, &c.* issue and trial on both pleas, verdict for plaintiff on first, and for defendant on second plea; judgment was ordered for the defendant for the costs of the second plea, and trying the issue thereon.